UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO MIGUEL P. D., | Civil Action No. 19-9221 (MCA) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

## I. INTRODUCTION

This matter having come before the Court on Petitioner's submission of a Petition for a writ of habeas corpus. For the reasons explained in this Opinion, the Court will grant the writ of habeas corpus and direct the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days, pursuant to the standards set forth in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231–35 (3d Cir. 2011).

## II. FACTUAL BACKGROUND

Petitioner is a native and citizen of Portugal. *See* Ex. A to Answer – Form I-213 Record of Deportable/Inadmissible Alien. Petitioner adjusted his status to lawful permanent resident ("LPR") on May 29, 2001. *See* Ex. B to Respondents' Answer – Notice To Appear and Form I-862.

On May 4, 2018, ICE detained Petitioner and served him with a Notice to Appear ("NTA") charging him with removability pursuant to section 237(a)(2)(A)(iii) and section 237(a)(2)(B)(i) of the Immigration and Nationality Act, based on his March 2, 2007 criminal conviction for Possession with the Intent to Distribute within 1000 feet from school property in

1

violation of N.J.S.A. 2C:35-7. *See id.* On June 26, 2018, Petitioner appeared with counsel for an initial master calendar hearing and a bond hearing before an immigration judge. *See* Declaration of Elizabeth Burgus ("Burgus Decl.") ¶ 3. The immigration court adjourned Petitioner's master calendar hearing to August 7, 2018 to allow Petitioner time to prepare. *See* Burgus Decl. ¶ 3. No action was taken by the immigration judge as to Petitioner's request for a bond hearing. *Id.*

On August 7, 2018, Petitioner appeared with counsel for the previously- adjourned master calendar hearing. *See* Burgus Decl. ¶ 4. The immigration court again adjourned the hearing to September 27, 2018 to allow Petitioner time to prepare and file an application for relief from removal. On September 27, 2018, Petitioner appeared with counsel for a master calendar hearing before the immigration judge. That hearing was also adjourned to November 20, 2018 to allow Petitioner time to prepare his application for relief. *See* Burgus Decl. ¶ 5. On November 20, 2018, Petitioner appeared with counsel for a master calendar hearing before the immigration judge, and the hearing was adjourned to December 13, 2018 to allow Petitioner time to prepare his application for relief. *See* Burgus Decl. ¶ 6

On December 13, 2018, Petitioner appeared with counsel for a master calendar hearing where he filed an application for relief from removal. The immigration court reset the matter to January 24, 2019 for an individual hearing on the merits of Petitioner's application for relief. *See* Burgus Decl. ¶ 7. On December 21, 2018, Petitioner filed a motion for a continuance, which was granted, with the immigration court to adjourn the merits hearing until February 7, 2019. *See* Burgus Decl. ¶ 8. Petitioner appeared with counsel for an individual calendar merits hearing on February 7, 2019. *See* Burgus Decl. ¶ 9. At the conclusion of that hearing, the judge denied Petitioner's application and ordered him removed. *See* Burgus Decl. ¶ 9; *see also* Ex. D – Order of Immigration Court.

On March 11, 2019, Petitioner filed an appeal of the immigration judge's decision with the Board of Immigration Appeals ("BIA"). On August 2, 2019, the BIA denied his appeal. *See* ECF No. 10-1, Petitioner's Reply at Exhibit A.

Petitioner appealed, and, on August 12, 2019, Petitioner received a temporary stay of removal from the Third Circuit Court of Appeals. *See id.* at Exhibit B. On February 27, 2020, the Third Circuit granted Petitioner's motion for a stay of removal and stated in relevant part:

> Petitioner's motion for a stay of removal is granted. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Petitioner has made a sufficient showing of a likelihood of success on his petition for review. *See In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015). Here, it is not clear whether the criminal conviction for the aggravated felony ground for removal, a conviction under N.J. Stat. Ann. § 2C:35-7, constitutes an aggravated felony. *See Rosa v. Attorney General*, C.A. No. 18-1765, ---F.3d---, 2020 WL 465535, at *4, *10 (3d Cir. Jan. 29, 2020). This observation about Petitioner's arguments is made solely to adjudicate his stay motion and is not meant to resolve the merits of the case. The motion for appointment of counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)

*See* PACER No. 19-2847 (3d Cir.) at No. 32. The appeal remains pending.

### III. ANALYSIS

The government asserts that Petitioner's continued detention without an individualized bond hearing is authorized by 8 U.S.C. § 1226 and points to the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018), which abrogated, at least in part, the Third Circuit's prior precedents in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). The government also argues that Petitioner's detention has not become so unreasonably prolonged such that his detention violates due process.

The Supreme Court first considered the constitutionality of prolonged detention pursuant to § 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003). There, the Court determined that the

3

statute was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 531. In reaching this conclusion, the Court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the Board of Immigration Appeals ("BIA"), detention pursuant to § 1226(c) lasted an average of four months, indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Court found the statute constitutional, it rejected Petitioner's challenge even though Petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore* it was clear that detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

Subsequently, in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231 (3d Cir. 2011), the Third Circuit applied the canon of constitutional avoidance to § 1226(c), and "conclude[d] that the statute implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Because the Third Circuit did "not believe that Congress intended to authorize prolonged, unreasonable detention without a bond hearing," it determined that § 1226(c) must be read to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length [and the statute] yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose" when this "implicit limitation" is exceeded. *Id.* at 235. The determination of whether a given period of detention is reasonable is a fact specific inquiry "requiring an assessment of all of the circumstances of a

4

given case" *Id.* at 234; *see also Dryden v. Green*, 321 F.Supp.3d 496, 499–500 (D.N.J., 2018) (explaining same).

Subsequently, in *Chavez–Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. *Id.* at 475. The Third Circuit further held that, absent bad faith on the part of Petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 532–33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute."[1] 783 F.3d at 478.

In *Jennings v. Rodriguez*, 538 U.S. ——, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court reversed the Ninth Circuit holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond

---

[1] On the issue of bad faith, the court acknowledged that "[a]n argument could be made that aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Id.* at 476. Because the court concluded that *Chavez–Alvarez* did not act in bad faith in challenging his removal, it declined to decide whether an alien's delay tactics should preclude a bond hearing. *Id.* at 476.

hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726 (RWS), at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden*, 321 F. Supp.3d at 501 (finding that as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Courts in this District, however, have found "[t]he constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance to how this Court should address § 1226(c) claims" *See Dryden*, 321 F. Supp.3d at 502. Although the Third Circuit has not yet provided explicit guidance to lower courts grappling with Post-*Jennings* challenges to prolonged detention under § 1226(c), it recently stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)).

Here, the Court need not decide whether detention for a year (or slightly over a year) is unreasonable, as Petitioner has been detained for 22 months, well beyond the one-year outer

6

limit set forth *Chavez-Alvarez*. Although the government appears to attribute delays to Petitioner, who apparently sought continuances to prepare his case, it has not argued that Petitioner is acting in bad faith or lacks viable challenges to his removal. Indeed, the Third Circuit recently granted a stay of removal to Petitioner, finding that he made a sufficient showing of success on the merits to warrant a stay. Because Petitioner has been detained beyond the outer limit set forth in *Chavez-Alvarez*, there is no evidence of Petitioner's bad faith, and his appeal is still pending, the Court finds that Petitioner's detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing shall be conducted pursuant to the procedures and standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the government in § 1226(c) cases).

## IV. CONCLUSION

For the reasons explained in this Opinion, this Court grants Petitioner's habeas petition and directs the government to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days of the date of this Order. An appropriate order follows.

DATED: 3-11-20

Madeline Cox Arleo, District Judge
United States District Court

7